52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ralph D. STONE, Plaintiff-Appellant,
v.
CGS DISTRIBUTION, INC., doing business as Colorado Garden
Supply, Inc., Defendant-Appellee.
 No. 94-1423.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Ralph Stone appeals the district court's entry of summary judgment in favor of defendant on his claim for discriminatory discharge in violation of Title I of the Americans With Disabilities Act (ADA), 42 U.S.C. 12101-12117. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 Defendant, which sells and delivers primarily garden supplies, employed plaintiff as a truck driver in November 1990. In July 1991, plaintiff suffered a job-related injury to his shoulder and hand, which required surgery. Plaintiff went on medical leave and was not released for work until October 1992. At that time, Dr. Primack, who performed a functional capacity assessment of plaintiff, recommended that plaintiff not lift more than forty pounds occasionally or more than thirty pounds frequently, and that he not do "combined twisting and lifting activities for periods greater than 2 hours at a time or greater than 4 hours per 8-hour day." Appellant's App. at 74. When plaintiff attempted to return to work for defendant, he was informed that defendant had no work for him as a truck driver. Plaintiff then brought suit alleging that he had been discharged in violation of the ADA.
 
 
 4
 The ADA prohibits an employer from discharging a "qualified individual with a disability because of the disability." 42 U.S.C. 12112(a). To prevail on a discriminatory discharge claim under the ADA,
 
 
 5
 a plaintiff must establish (1) that he is a disabled person within the meaning of the ADA; (2) he is qualified, that is, with or without reasonable accommodation (which he must describe), that he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.
 
 
 6
 White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir.1995). The district court determined that plaintiff failed to establish a genuine issue of material fact as to either the first or second elements of his case, and, therefore, that summary judgment in favor of defendant was proper. Because we agree that plaintiff failed to adduce evidence to establish that he was "disabled" under the ADA, we need not address whether plaintiff also failed to establish that he was a "qualified individual" within the meaning of the Act.
 
 
 7
 We review the grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Universal Money Ctrs., Inc. v. AT & T, 22 F.3d 1527, 1529 (10th Cir.) (quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 655 (1994).
 
 
 8
 Although the moving party bears the burden of showing the absence of a genuine issue of material fact, it does not have to negate the nonmoving party's claim; the moving party need only point to the absence of evidence to support the nonmoving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party carries its initial burden, "the burden shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.' " Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir.1993)(quoting Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)), cert. denied, 114 S.Ct. 1075 (1994). With these principles in mind, we turn to the issues before us.
 
 
 9
 The ADA provides that "[t]he term 'disability' means, with respect to an individual--(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. 12102(2). The regulations that implement the ADA include "working" in the definition of "major life activity," 29 C.F.R. 1630.2(i), and provide that with respect to this major life activity, "[t]he term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities," id. 1630.2(j)(3)(i).
 
 
 10
 In its motion for summary judgment, defendant argued that plaintiff's physical impairments precluded him from performing only a narrow category of truck driving jobs, and did not significantly restrict his ability to perform either a class of jobs or a broad range of jobs within various classes. In support of its position, defendant pointed to plaintiff's deposition testimony, which established that plaintiff believed he could obtain a truck driving job with a previous employer, but that he had made no effort to obtain other employment or investigate his employment potential. Defendant argued, therefore, that plaintiff could not establish that his physical impairments significantly affected his ability to perform either a class of jobs or a broad range of jobs within various classes.[2]
 
 
 11
 In response to defendant's summary judgment motion, plaintiff did not produce any evidence relating to the impact of his physical impairments on his ability to perform either a class of jobs or a broad range of jobs within various classes. Instead, plaintiff relied exclusively on an example set forth by the Equal Employment Opportunity Commission in its Interpretive Guidance on Title I of the Americans With Disabilities Act, 29 C.F.R. pt. 1630, app., 1630.2(j), which provides that "an individual who has a back condition that prevents the individual from performing any heavy labor job would be substantially limited in the major life activity of working because the individual's impairment eliminates his or her ability to perform a class of jobs."
 
 
 12
 This interpretive example cannot substitute for relevant vocational evidence, however, especially here, where the evidence did not even establish the condition presumed by the example--that plaintiff is precluded from performing "any heavy labor job." Because plaintiff failed to produce any evidence that his impairments substantially limited his ability to perform either a class of jobs or a broad range of jobs within various classes, a dispositive matter on which he would bear the burden of proof at trial, the district court properly entered summary judgment against plaintiff on his ADA claim. See Bolton v. Scrivner, Inc., 36 F.3d 939, 943-44 (10th Cir.1994), cert. denied, 115 S.Ct. 1104 (1995).
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 With its reply brief, defendant also produced a report from a vocational expert, who, after examining plaintiff's medical and vocational records, and conducting an on-site analysis of the truck driving position plaintiff sought with defendant, was of the opinion that plaintiff's injuries only "moderately impacted his ability to obtain employment in occupational areas for which he has previous training and experience (i.e., the motor freight occupational field)," and did not substantially limit his ability to perform either a class of jobs or a broad range of jobs. Appellant's App. at 220